## Miller v. Fulton

*Arnold, Bricker, Beyer & Barnes,* for plaintiffs.

*Brown & Zimmerman* and *Barley, Snyder, Cooper & Mueller,* for defendant.

WISSLER, P. J., March 8, 1963.—Lester R. Miller and Madaline M. Miller, individually and as guardians

of Stanley Z. Miller, their minor son, filed a complaint in this court against defendants to recover damages suffered as a result of the negligent and wilful acts of defendants, but no claim is made for damages suffered on behalf of Stanley Z. Miller, the minor son. The Orphans' Court of Lancaster County, Pa., appointed Robert Wilinski, of Camden, New Jersey, as guardian of the estate of said minor, Stanley Z. Miller. Robert Wilinski, as guardian, instituted a separate action for damages to the minor in the United States District Court for the Eastern District of Pennsylvania against defendants as a result of their negligent acts.

Defendants filed the following preliminary objections: "1. The action should be dismissed by reason of that fact that it does not include a necessary party plaintiff, namely, Robert Wilinski, guardian of the estate of Stanley Z. Miller, appointed by the Orphans' Court of Lancaster County, Pennsylvania, as set forth in paragraph 14 of the complaint. See Pa. R. C. P. No. 2228(b) ; 2. In the alternative, the complaint is fatally defective and should be stricken off for the reason that it asserts a cause of action for damages only to the father and mother of the minor plaintiff, while a separate action for damages for injuries to the minor is being pursued in another court, namely, the United States District Court for the Eastern District of Pennsylvania, under the caption of Robert Wilinski, guardian of the estate of Stanley Z. Miller, a minor v. Elliott E. Fulton and Loraine M. Fulton and Robert Fulton and Harry Sloat. In that action, Kenneth R. Aston has been joined as an additional defendant."

The question raised by the preliminary objections is whether the failure of the husband and wife or parents to have the guardian of the estate of their minor son join in the first action is such a defect as prevents the guardian of the minor alone from bringing suit.

Pa. R. C. P. 2228(b) as to Joinder of Related Plaintiffs, relied upon by defendants, is as follows: "If an injury, not resulting in death, is inflicted upon the person of a minor, and causes of action therefor accrue to the minor and also to the parent or parents of the minor, they shall be enforced in one action brought by the parent or parents and the child. Either parent may sue therefor in the name of both; but if the parents live apart the action shall be brought by the parent having the custody of the child and the control of its services."

This subdivision, however, does not regulate or state the consequence of their failing to join in one action. This is regulated by Pa. R. C. P. 2232(a) which provides: "The cause of action of a person required to join in an action as a party plaintiff by rule 2228 shall be barred by failing to join therein if the defendant has given such person such notice of the pendency of the action as the court by general rule or special order shall direct."

In 4 Anderson Pa. Civ. Pract., §2228.3, page 519, it is stated: "The failure of both husband and wife to join in an action is not a defense in the first action. (Straub v. Great A. & P. Tea Co., 4 Lyc. 98). If one spouse sues the defendant, the latter cannot defend in that action by claiming that the other spouse should have joined in the action. (Malinowski v. Main, 10 D. & C. 2d 425). This follows from the fact that the non-joining spouse is neither a necessary nor an indispensable party to the action brought by the other. Each spouse is the sole owner of an independent cause of action and the requirement of joinder is based only on administrative convenience. Similarly it is no defense to the first action brought only by a minor or by his parents that the others have not joined as required by rule 2228(b). (Ziegler v. Lindemuth, 78 D. & C. 324).

"The power of the defendant to protect himself lies in his ability to bar being sued thereafter by the non-joining person. If the defendant gives the non-joining person notice of the pendency of the action and that person does not thereafter join in the action, that person cannot thereafter sue the defendant. Notice must be given in the manner prescribed by general order or special rule by the court in which the action is pending. (Malinowski v. Main, 10 D. & C. 2d 425)."

Since then the penalty for nonjoinder is directed against the nonjoining person only, and the absence of coplaintiff is no defense available to defendants, the preliminary objections cannot be sustained.

And now, March 8, 1963, for the reasons herein stated, the preliminary objections filed by defendants to plaintiffs' complaint are dismissed and defendants are granted 20 days within which to file an answer.